IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JEREMY ROBERT BUIS**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-0559-L |
| § | |
| **WELLS FARGO BANK, N.A.**, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Abstain and to Remand, filed April 28, 2005. After careful consideration of the motion, briefs, response, reply, supplemental briefs, applicable record, and applicable authority, the court **grants** Plaintiff's Motion to Abstain and to Remand.[1]

**I. Background**

On February 14, 2005, Plaintiff Jeremy Robert Buis ("Plaintiff" or "Buis") filed this action against Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") in the 101st Judicial District Court, Dallas County, Texas. Buis contends that Wells Fargo did not comply with certain Department of Housing and Urban Development ("HUD") regulations with respect to the foreclosure of his property.[2] He contends that Wells Fargo wrongfully foreclosed against his property and seeks a declaration that Wells Fargo breached the deed of trust in issue. Buis also seeks a declaration that the foreclosure sale of the property is void, and an order that Wells Fargo

---

[1] Plaintiff's motion does not request the court to abstain as this legal concept is commonly understood; it requests the court to remand because of a lack of subject matter jurisdiction.

[2] Buis executed a promissory note for $78,380, dated October 11, 2001, in connection with the purchase of property located at 1746 Lucille Drive, Mesquite, Dallas County, Texas. On January 4, 2005, Wells Fargo acquired the property in question at an auction for $93,820.

**Memorandum Opinion and Order - Page 1**

restore or reconvey title of the property to him, actual damages, costs of court, and reasonable attorney's fees. Wells Fargo contends that no breach of the deed of trust occurred and that no private right of action exists for affirmative recovery under the HUD regulations at issue.

Wells Fargo removed this action to federal court on March 21, 2005, contending that "[r]emoval is proper based on grounds of federal question jurisdiction" because Buis has "asserted claims pursuant to 24 CFR 203.501 and 24 CFR 203.604-606, which could have been originally filed in this Court." Notice of Removal ¶ 7. Buis contends that no federal question jurisdiction exists because his claim is contractual in nature and that he is not seeking adjudication of any federal question.

## II. Plaintiff's Motion to Remand

### A. Contentions of the Parties

Buis filed a motion to remand, contending that the court has no subject matter jurisdiction, as Plaintiff's claim does not arise under federal law. According to Plaintiff, he seeks relief for a wrongful foreclosure which is a claim for breach of contract under Texas law. He contends that certain HUD regulations merely set the standard for Wells Fargo's strict compliance or performance under the deed of trust and do not create a separate or private cause of action if breached. Wells Fargo contends that the breach of contract claim is based solely on alleged violations of HUD regulations incorporated into the deed of trust. Wells Fargo contends that this court has subject matter jurisdiction because the application and interpretation of federal law are a substantial and necessary element of Plaintiff's state law claim.

**B. Analysis**

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §§ 1331, 1332. Diversity of citizenship is not an issue in this case, and it is clear that Buis does not assert a cause of action created by federal law. Accordingly, the court must determine whether Plaintiff's claim "arises under" federal law. "The burden of establishing subject matter jurisdiction rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, as Wells Fargo removed this case and seeks to invoke federal jurisdiction, it has the burden of establishing such jurisdiction. Any doubts as to the propriety of the removal should be strictly construed in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720 723 (5th Cir. 2002).

The latest pronouncement from the high court on subject matter jurisdiction is set forth in *Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363 (2005). *Grable* makes unequivocally clear that the existence of a cause of action *created* by federal law is not a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal jurisdiction pursuant to 28 U.S.C. § 1441(a). *Id.* at 2366-67. In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," *id.*, a federal court is to decline jurisdiction if the

exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S.C.] § 1331." *Id.* at 2367.

Whether federal question jurisdiction exists over a case removed from state to federal court ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.* 980 F.2d 1014, 1017 (5th Cir. 1993). The essence[3] of Buis's state petition is captured by the following allegations:

> 10. Pursuant to the rules and regulations, and as a servicer of this FHA loan, Defendant was required to conduct a face-to-face interview with the Plaintiff or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid. *See* 24 CFR 203.604 and 24 CFR 203.606. Attached hereto as Exhibits A and B and incorporated by reference are true and correct copies of same. Such reasonable effort was to consist of a letter sent to Plaintiff by certified mail and required at least one trip to see the Plaintiff at the Property. *See id*. Defendant WFB was also required to conduct a Loss Mitigation Evaluation pursuant to 24 CFR 203.605 and 203.501. Attached hereto as Exhibits C and D and incorporated by reference are true and correct copies of same. Upon information and belief, Plaintiff allege[s] that Defendant has wholly failed to comply with the foregoing.
>
> 11. 24 CFR 203.606 does not authorize the commencement of foreclosure proceedings until all of the lenders servicing requirements have been met. Since WFB did not comply with these servicing requirements, the acceleration of the Note and foreclosure of the Property were not authorized by the regulations of the Secretary. Thus, WFB accelerated the Note and foreclosed on the Property in violation of 9(d) of the Uniform Covenants of the Deed of Trust.

---

[3] As Buis's second claim is one for attorney's fees, the court finds it unnecessary to include allegations relating to it.

**Memorandum Opinion and Order - Page 4**

    12. Despite its breaches of the Uniform Covenants set forth in the Deed of Trust, Defendant WFB proceeded with an action for forcible detainer in justice court in Dallas County, which is set for hearing on February 17, 2005.

    **First Claim of Plaintiff - Wrongful Foreclosure**

    13. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 12 as though fully set forth herein. Texas law requires that the terms set forth in a Deed of Trust must be strictly followed in order to protect the property of the debtor. By failing to follow the Uniform Covenants which made the regulations of the Secretary of HUD part and parcel of the Deed of Trust, Defendant WFB breached the Uniform Covenants and failed to follow the strict terms set forth in the Deed of Trust, ignoring the applicable regulations.

    14. Defendant made no attempt to contact Plaintiff by letter or otherwise, to arrange a face-to-face meeting before three full monthly mortgage installments were unpaid. Further, Plaintiff is unaware of any Loss Mitigation Evaluation performed by Defendant pursuant to the regulations of the Secretary of HUD.

Plaintiff's Original Complaint[4] ¶¶ 10-14.

  Under the test recently promulgated by the Supreme Court in *Grable*, the court first considers whether Buis's state court petition raises a stated federal issue that is actually disputed and substantial. In his state court petition, Buis characterizes his claim as one for wrongful foreclosure; however, in his briefing, he referred to it as a "straightforward breach of contract case" that should be litigated in a Texas state court. As Buis contends that Wells Fargo failed to adhere to the provisions of the deed of trust, his claim is properly characterized as one for breach of contract. *See Sonny Arnold, Inc. v. Sentry Savings Ass'n* 633 S.W.2d 811, 815 (Tex. 1982) ("A mortgage [or deed of trust] is governed by the same rules of interpretation which apply to contracts.").

---

  [4]The document should have been designated as "Plaintiff's Original Petition."

**Memorandum Opinion and Order - Page 5**

Buis contends that, prior to accelerating his note and foreclosing on his property, Wells Fargo breached the contract on two grounds: (1) failure to conduct a face-to-face interview with Buis, or make a reasonable effort to arrange such an interview prior to three full monthly installments became unpaid; and (2) failure to conduct a loss mitigation evaluation. Each ground alleges a failure to adhere to HUD regulations, which implement the National Housing Act, 12 U.S.C. §§ 1701-1750. From what the court can ascertain, each basis for Buis's wrongful foreclosure claim necessarily turns on Well Fargo's obligations under federal law.

The court finds language from a recent opinion by Judge Fitzwater in *Leggette v. Washington Mutual Bank*, No. 3:03-CV-2909-D, 2005 WL 2679699 (N.D. Tex. October 19, 2005), illustrative and informative. In *Leggette*, as in this case, the plaintiff asserted that a bank had failed to comply with certain HUD regulations, which are essentially the same allegations involved in this case. In deciding the first part of the test, the court stated:

> The dispute between WMB and Leggette rests entirely on the correct interpretation of three federal regulations, e.g., whether 24 C.F.R. § 203.604(b) requires face-to-face interviews where a loan procurement, but not a loan servicing, branch is located within 200 miles of the mortgagor, and not upon questions of fact, such as whether WMB conducted the interview. WMB's rights respecting loan acceleration and foreclosure under the deed of trust are limited by federal regulations, and if WMB violated these regulations, it may have improperly exercised its contractual rights. Federal issues appear, as in *Grable*, to be the only questions contested in the case. *See Grable*, 125 S.Ct. at 2368. Moreover, as *Grable* noted, the actual dispute about federal law is "especially" important, and, in these circumstances, WMB and Leggette have a genuine and reasonable disagreement over the "validity, construction, or effect" of the relevant HUD regulations. *Grable*, 125 S.Ct. at 2368 n.3 (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912)). The court therefore concludes that Leggette's complaint necessarily raises a stated federal issue, actually disputed and substantial. *Cf. Cantwell*, 2005 WL 2296049, at *5 (concluding that defendants failed to carry

> burden of demonstrating that plaintiff's petition necessarily raised stated issue of federal law that was actually disputed and substantial).

*Id*. at *3  (internal quotation marks and footnote omitted).  The court finds Judge Fitzwater's reasoning in *Leggette* equally applicable to this case.  The issues in *Leggette* are quite similar to the issues raised in this case, and the resolution of the issues raised in this case necessarily turns on the interpretation of federal regulations genuinely disputed by the parties.  Accordingly, the court determines that Buis's state petition necessarily raises a stated federal issue that is actually disputed and substantial.

The court, having determined that the "state action discloses a contested and substantial federal question," now must determine whether "the exercise of federal jurisdiction is subject to a possible veto." *Grable*, 125 S.Ct. at 2367.  In deciding this issue, the court must determine whether the exercise of "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts" as it relates to 28 U.S.C. § 1331. *Grable*, 125 S.Ct. at 2367.

Again, language found in *Leggette* illuminates the path and helps resolve this issue:

> Invoking "foreclosure by private power [is] a traditional creditor's remedy under state law." *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 359 (5th Cir. 1977).  Regulating the foreclosure of real property has traditionally been the province of states, despite federal regulation of some sectors of the lending industry, and "there are state law remedies available to protect mortgagors from unconscionable mortgages." *Id.* at 361.
>
> .  .  .
>
> Exercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial responsibilities from state to federal courts.  HUD statistics show that, for the period October 2004 through July 2005, a total of 261,700 FHA-insured single family

> home loans were in default more than 90 days. MONTHLY REPORT TO THE FHA COMMISSIONER, FHA PORTFOLIO ANALYSIS, DATA AS OF JULY 2005, at 12, http://www.hud.gov/offices/hsg/comp/rpts/com/05jul.pdf. During a comparable period in 2004, almost 297,000 loans were in default. MONTHLY REPORT TO THE FHA COMMISSIONER, FHA PORTFOLIO ANALYSIS, DATA AS OF JULY 2004, at 12, http://www.hud.gov/offices/hsg/comp/rpts/com/04jul.pdf.

*Leggette*, 2005 WL 2679699, at *3, 4. In light of these statistics, it is quite conceivable that many persons similarly situated to Buis who seek to avoid foreclosure, or set aside foreclosure, would rely on alleged violations of HUD regulations to file actions in federal court; or the financial institutions sued for wrongful foreclosure would rely on HUD regulations to remove state court actions to federal court. Such lawsuits necessarily could be tremendous in number. Nothing has been presented to the court by the parties that Congress has expressed an intent to have such foreclosure-related actions, which are ordinarily handled by state courts, transferred to or filed in federal court. Absent proof or indication that Congress intends to upset or shift the state-federal line or division of responsibility, the court declines to open a Pandora's box and usher into federal court a new wave of litigation that has been traditionally, and should be, handled in state court. Accordingly, for the reasons herein stated, the court determines that Wells Fargo has failed to establish that Buis presents a claim that "a federal forum may entertain without disturbing [the] congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S.Ct. at 2368.

### III. Plaintiff's Request for Attorney's Fees and Costs

Buis requests that the court award him "all costs and expenses, including attorney's fees, incurred by [P]laintiff as a result of the removal." Plaintiff's Motion at 1. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no

"automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293.

This case was removed prior to the Supreme Court's decision in *Grable* in June 2005. The court has determined in this case that Buis's state court petition raised a stated federal issue, actually disputed and substantial. This would ordinarily have been sufficient to establish an objective basis for removal prior to *Grable*. Even after *Grable*, the question of federal jurisdiction with respect to foreclosure cases continues to be hotly debated, and cannot necessarily be determined with minimal analysis. The court determines that at the time Wells Fargo removed this action to federal court, it had objectively reasonable grounds for such removal. Accordingly, the imposition of costs and attorney's fees is not warranted under 28 U.S.C. § 1447(c).

## IV. Conclusion

For the reasons stated herein, the court lacks subject matter jurisdiction over this action. The court therefore **grants** Plaintiff's Motion to Abstain and to Remand. The court hereby **remands** this action to the 101st Judicial District Court, Dallas County Texas, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The clerk of the court shall effect this remand in accordance with the usual procedure. The court **denies** Plaintiff's request for attorney's fees and costs. The parties shall bear their own costs.

**It is so ordered** this 18th day of November, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge